1
2
3
4
5
6
7
8
9

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

10
11
12

STEPHEN JACKSON,

               Petitioner,

         v.

W.L. MUNIZ, Warden,

               Respondent.

Case No. CV 15-1354 JLS (MRW)

**ORDER DISMISSING SUCCESSIVE HABEAS ACTION**

13
14
15
16
17
18
19
20
21

     The Court vacates the reference of this action to the Magistrate Judge and summarily dismisses the action pursuant to the successive habeas petition rule in 28 U.S.C. § 2244.

22

                        * * *

23
24
25

     This is a state habeas action.  In 2005, Petitioner was convicted of rape and numerous other sexual offenses and sentenced to 83 years to life in prison.  This action represents Petitioner's <u>fifth</u> federal habeas action in this Court.[1]

26
27
28

---

[1]   <u>Jackson v. Felker</u>, CV 07-3982 GAF (RC) (C.D. Cal.); <u>Jackson v. Stainer</u>, CV 11-5967 GAF (MRW) (C.D. Cal.); <u>Jackson v. Holland</u>, CV 12-5362 GAF (MRW) (C.D. Cal.) (dismissed as improperly filed civil rights action); <u>Jackson v. Holland</u>, CV 12-8210 GAF (MRW) (C.D. Cal.).

1    In the course of Petitioner's fourth habeas action (CV 12-8210), the Court

2  expressly informed Petitioner that he needed permission from the Ninth Circuit

3  Court of Appeals before pursuing a successive habeas case.  The appellate court

4  denied Petitioner permission in that action (Docket # 11), which led to its dismissal

5  in this Court.  28 U.S.C. § 2244(b).

6    Petitioner commenced the present habeas action in this Court in February

7  2015.  He broadly alleged his innocence on the original criminal charges, and set

8  forth numerous claims regarding his arrest, questioning, and destruction of records

9  after his conviction.  As with Petitioner's previous action, the current petition was

10  not accompanied by a certificate from the Court of Appeals authorizing a

11  successive habeas action.

12    Magistrate Judge Wilner screened Petitioner's current petition.  (Docket

13  # 4.)  Judge Wilner again explained the successive-petition-authorization rule to

14  Petitioner.  Judge Wilner also directed Petitioner to submit a statement as to why

15  the action should not be summarily dismissed.  Petitioner submitted an 85-page

16  document that generally consisted of state court filings and documents related to

17  Petitioner's efforts at obtaining clemency from the governor of California.

18  (Docket # 5.)  Nowhere in Petitioner's submission was there a cogent explanation

19  as to why the action was not successive under federal law.

20                                 * * *

21    If it "appears from the application that the applicant or person detained is not

22  entitled" to habeas relief, a court may dismiss a habeas action without ordering

23  service on the responding party.  28 U.S.C. § 2243; see also Rule 4 of Rules

24  Governing Section 2254 Cases in United States District Courts (petition may be

25  summarily dismissed if petitioner plainly not entitled to relief); Local Civil

26  Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal

27

28

1  to district judge "if it plainly appears from the face of the petition [ ] that the

2  petitioner is not entitled to relief").

3      Under federal law, a state prisoner is generally required to present all

4  constitutional challenges to a state conviction in a single federal action.  A habeas

5  petition is second or successive – and subject to dismissal under 28 U.S.C.

6  § 2244(b) – when the petition "raises claims that were or could have been

7  adjudicated on the merits" in the first action.  McNabb v. Yates, 576 F.3d 1028,

8  1029 (9th Cir. 2009).  A prisoner must obtain authorization from the Court of

9  Appeals to pursue such a successive habeas petition before the new petition may be

10  filed in district court.  28 U.S.C. § 2244(b)(3); Burton v. Stewart, 549 U.S. 147

11  (2007) (dismissing successive petition for failure to obtain authorization from court

12  of appeals).

13                              * * *

14      The current petition challenges Petitioner's 2005 conviction.  Petitioner

15  previously sought federal habeas relief for those convictions on four previous

16  occasions.  He received consideration on the merits of his original habeas claim,

17  but the Court dismissed his later actions as successive and filed without proper

18  authorization as required by statute.  Petitioner again failed to obtain permission

19  from the Ninth Circuit to bring the present habeas action.  On this basis, the current

20  petition is subject to summary dismissal.  See 28 U.S.C. § 2244(b); Burton, 549

21  U.S. 147; McNabb, 576 F.3d at 1029.  The action is therefore DISMISSED.

22      IT IS SO ORDERED.

24  Dated: May 11, 2015       _____

25                            HON. JOSEPHINE L. STATON
                              UNITED STATES DISTRICT JUDGE